# Samuel Shuffleton & John A. Pitzer, *vs.* George W. Jenkins.

### *From Jefferson.*

Where the condition of a title bond is that the deed is to be made, provided that the money is paid by a particular day, and the money is not paid, the bargainee cannot file his bill for a specific performance. Time is the essence of such a contract.

This was a bill for the specific performance of an agreement for the conveyance of the east half of S. W. quarter of the N. E. quarter of section 25, township 72, N. of R. 10 W. The bill alleges that on the 13th March, 1843, the said defendants executed to complainants a bond conditioned to convey to said complainants on or before the 7th of April, 1843, the said land, provided that the complainants should pay the said defendant, on or before the day specified, the sum of $25,00. The bill further alleges that the defendant, at the time of executing said bond, was in the employ of one E. Manning, and that said defendant should have said that he borrowed said sum of money from his employer to enter the land; that the complainants waited on said Manning, who informed them that he should not want the money until he should start east to purchase goods, and that about the time said Manning had mentioned, the complainants again waited on him and expressed a wish that defendant should make a deed to said land, and hand the same to one Cornelius Keifer, who would pay said defendant the consideration money. The bill further states that the deed was not executed, nor the money called for, as they had proposed to said Manning.

The bill further alleges that on the 30th August, 1843, a tender of said money was made to defendant, and a deed demanded, which was refused.

The bill concludes with a prayer for a specific performance.

The defendant demurred, because,

1. The complainants did not show by their bill that they complied with the condition of said bond.

2. Complainants did not show by their bill that they obtained an extension of the time on said bond from said Jenkins.

3. Complainants did not show that said Manning agreed to give an extension of time for the payment of said sum of money.

4. Complainants did not show by their bill that Keifer ever waited on said defendant and tendered to him said sum of money and demanded said deed.

5. That said bill did not show a mutuality of contract between said parties.

The demurrer was sustained, and the complainants seek to reverse the decision in the court below on a writ of error.

Errors assigned:

1. The court below erred in sustaining the demurrer to complainant's bill.

2. The court erred in dismissing complainant's bill.

HALL & MILLS, for plaintiffs.

NEGUS & ACHISON, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—We think in this case, that time was of the essence of the contract. The condition of the bond was that the deed was to be made, provided the money was paid by a particular day. Had any part of the purchase money been paid, or had any note or other security for the payment of the money been given to the defendant, the case would have presented a very different aspect. But as the case stands, the obligation is all upon one side. If they pay the money by the time specified, he is to make the deed, but there is nothing to compel them to pay the money. It would be wholly unjust to allow them to hold this contract over the head of Jenkins for an indefinite period of time; to be enforced if the lands increase in value, and to be neglected if they should decrease.

The complainants will have sustained no injury from the rescision of the contract. They have paid nothing; they are bound for nothing. They have failed to pay the money by the day stipulated and they show no equitable grounds for the interference of a Court of Chancery.

The decree of the court below will be affirmed.